. THE HOFMANN BROTHERS BREWING COMPANY

*v.*

THE TOWN OF CICERO *et al.*

*Opinion filed October 23, 1906.*

APPEALS AND ERRORS—*when freehold. is not involved.* A freehold is not involved in a suit to enjoin the execution of a track elevation ordinance upon the ground that the complainant is damaged by reason of the cutting down of a street and the vacation of part of it for private use, where the fee to the portion of the street vacated does not belong to the complainant.

APPEAL from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding.

The appellant, the Hofmann Brothers Brewing Company, filed its bill in the circuit court of Cook county against the appellees, the town of Cicero and the Chicago, Burlington and Quincy Railway Company, in which it alleged that it was the owner of certain real estate situated at the southwest corner of Ogden avenue and Forty-eighth avenue, in the town of Cicero; that on October 6, 1904, the president and board of trustees of said town passed an ordinance for the elevation of the railroad tracks of the Chicago, Burlington and Quincy Railway Company across Forty-eighth avenue and the depression of the street under the tracks to a depth of about 10½ feet; that the west 20 feet of the street across the right of way was to be vacated and abandoned, and that portion of the street south of the right of way was to be depressed so as to form an approach to the sub-way at a grade of three and one-half per cent; that Twenty-sixth street was to be depressed to form approaches to Forty-eighth avenue at the same grade; that Ogden avenue north of Twenty-sixth street and west of a line drawn 20 feet east of and parallel to the west line of Forty-eighth avenue was to remain at its present grade, 6 to 10 feet higher than the grade of those portions of Twenty-sixth street and

Forty-eighth avenue adjacent to the last mentioned portion of Ogden avenue; that by such change of grade that portion of Ogden avenue which was to remain at its present grade would be destroyed for the purposes of a street and would be practically vacated and abandoned to the uses of the railway company; that the title to said land vacated was in the complainant, subject only to the public easement of travel, and that the railroad company was to construct a retaining wall five feet in thickness in Ogden avenue south of the railroad right of way, extending from Forty-eighth avenue westerly, the east end of which wall would rest on that portion of Ogden avenue the title of which was in complainant. The bill further alleged that the west 20 feet of Forty-eighth avenue north of the right of way, and extending to Risley avenue, was to remain at the present grade and will be 10 feet higher than the grade of the balance of the street, and thus be destroyed as a street and be turned over to the exclusive use of the present owner of the land adjoining it; that the ordinance is void and the purpose of such abandonment unlawful, because it is not for public use nor because the same has ceased to be used as a street, but is for the sole purpose of devoting the land to the exclusive use of the railroad company and private individuals; that the property owned by complainant is, and for many years past has been, devoted to the purposes of a summer garden and saloon, which is visited by many persons coming in carriages and automobiles, leaving their vehicles standing in front in the street, and if the defendants be permitted to grade Ogden avenue as provided in the ordinance, but a narrow strip will be left in front for vehicles and access to complainant's property will be materially interfered with; that the damages to the property will amount to many thousands of dollars and will be beyond legal remedy or relief; that such damages are different from and in addition to such damages as will be sustained by parties other than complainant, by reason of the violent change of

grade in front of said property. The prayer of the bill was that the defendants be restrained and enjoined from closing up or vacating any portion of Forty-eighth avenue between Twenty-sixth street and Risley avenue, and from devoting any portion of said street to private use and from rendering said street unfit for public travel.

A temporary injunction was issued as prayed, and upon answer being filed it was stipulated that certain affidavits which had been offered in the case should be treated as depositions, and the cause should be submitted to the court upon the pleadings and these affidavits, together with other documents, and finally determined upon the record thus presented. Upon a hearing the bill was dismissed for want of equity, and an appeal has been prosecuted directly to this court.

LACKNER, BUTZ & MILLER, for appellant.

JOHN J. SHERLOCK, CHESTER M. DAWES, and J. A. CONNELL, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

In the disposition of this appeal but one question is deemed material for determination, and that is, whether or not a freehold is involved within the meaning of the statute authorizing appeals directly to this court.

Several maps or blue-prints of the property in question have been submitted for our inspection, which are not identical but vary materially as to the names and locations of streets, tracks, property, etc. Appellant has attached one of these maps to its brief and argument, which we assume its counsel consider correct and which we accept as the basis of our decision. It shows that appellant owns 1.82 acres at the south-west corner of Ogden avenue and Forty-eighth avenue, which it is alleged is used as a summer-garden and upon which is located a frame building. Ogden avenue is 150 feet wide and extends in a north-easterly and south-westerly

direction on the north side of appellant's property. Forty-eighth avenue is 73 feet wide and extends north and south on the east side of the premises. The property has a frontage of about 259 feet on Forty-eighth avenue and extends west about 364 feet, and the north-west corner is diagonally cut off. The tracks of the Chicago, Burlington and Quincy Railway Company in this vicinity extend almost parallel with Ogden avenue, and cross Forty-eighth avenue from 150 to 175 feet north of appellant's property. Twenty-sixth street extends east and west, and would cross the railroad tracks about 400 feet west of the Forty-eighth avenue crossing, and intersect with Ogden avenue and cross Forty-eighth avenue near the north-east corner of appellant's property. Whether this street is open across the railroad tracks does not appear. Risley avenue extends east and west, and is the first street north of and parallel with Twenty-sixth street. It crosses Forty-eighth avenue about 100 feet north of the railroad tracks.

The appellant acquired title to the premises in question by *mesne* conveyances from Ried & Hubbard, who platted the same in 1869. It is claimed by appellant that in making a record of the plat they failed to comply with the statute then in force, in that the surveyor who certified to the plat was not the county surveyor, and therefore the plat is only valid as a common law dedication, and the owners retained the title to the portion of the land shown upon the plat as streets, subject only to the public easement of travel, and therefore the complainant, as their grantee, owned the fee to the center of the street. At the time the plat was made Ogden avenue and Forty-eighth avenue were in existence, it being claimed that both were highways by prescription only. Ogden avenue was at that time 80 feet wide and by the plat was increased to 150 feet. It is contended by appellant that the whole of the additional width of Ogden avenue was taken from the land now owned by appellant, but the appellees contend that only 35 feet of the additional width

was taken from the land to the south. The contention of appellant is that a portion of the 20 feet off of the west side of Forty-eighth avenue vacated by the ordinance belongs to it as grantee of Ried & Hubbard, and therefore the title to it is involved.

Even conceding as true all of appellant's claim as to the omission of Ried & Hubbard in making the plat of said sub-division, and that the·title of one-half of both Ogden avenue and Forty-eighth avenue is vested in appellant, still no free-hold is involved and the appeal should have been to the Appellate Court. Twenty-sixth street enters Ogden avenue just north of appellant's property and crosses Forty-eighth street. Both Ogden avenue and Twenty-sixth street at this point are 150 feet wide. The 20 feet vacated is on the west side of Forty-eighth street and extends from the north side of Ogden avenue or Twenty-sixth street, north to Risley avenue. This 20 feet does not extend along the east side of appellant's premises nor touch it at any point. A copy of the original plat of Ried & Hubbard's subdivision shows that the center line of Twenty-sixth street is the north line of the south-east quarter of section 28, being a portion of the land on which the subdivision was laid out. The center line of Twenty-sixth street is 33 feet north of the north line of appellant's lot, and the right of way of the Chicago, Bur-lington and Quincy Railway Company is 111 feet north of such center line measured along the west line of Forty-eighth avenue, so that the west 20 feet of Forty-eighth ave-nue under the tracks of the railroad company, the vacation of which is complained of, is 111 feet north of the north line of appellant's property. This is upon the assumption that appellant's property extends to the center line of Twenty-sixth street. If Twenty-sixth street is a statutory street and not by common law, the distance between the north line of appellant's property and the south line of the right of way of the railroad company would be 144 feet. No part of the 20 feet which is vacated and which is to be used for railroad

purposes or private purposes extends into Ogden avenue or Twenty-sixth street, except at the extreme north side. Even if appellant was the owner of one-half of Ogden avenue and Twenty-sixth street north of its property line it would only own about 75 feet, or one-half of the width of the street. The part vacated begins at least 100 feet north of its northeast corner, so that it will be seen that no part of its property is actually vacated or given either to the railroad company or to any other person. If the town of Cicero legally vacated and gave to the railroad company or to any other person a portion of Forty-eighth avenue, and the portion given belonged to appellant, then a freehold would be involved and the appeal should come directly to this court; but on the other hand, if the street was simply vacated for private use and appellant is damaged by reason of cutting down the street, it will not be seriously contended that a freehold is involved.

In our opinion this court is without jurisdiction of this appeal, and it will accordingly be dismissed.

*Appeal dismissed.*